UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KURT K. MOHNSAM                                                              PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:17-CV-00427-CRS

JASON M. NEMES, ET AL.                                       DEFENDANTS

**MEMORANDUM OPINION**

I.     Introduction

This matter is before the court on plaintiff Kurt K. Mohnsam's ("Mohnsam") motion to strike defendant Morgan Bryan Perry's ("Perry") first and third defenses and crossclaim against defendants Martin & Bayley, Inc. ("Martin & Bayley"), Jason M. Nemes ("Nemes"), Fultz Maddox Dickens, PLC ("Fultz Maddox"), and Acuity, a Wisconsin Mutual Insurance Company ("Acuity"). ECF No. 24. Perry did not file a response. For the foregoing reasons, the court will grant in part and deny in part the motion to strike.

II.     Case Background

On September 9, 2012, Perry tripped and fell on the premises of Martin & Bayley's automobile service station and retail store in Shelbyville, Kentucky and suffered personal injuries. Pl. Complaint, ECF No. 1, ¶ 19. Perry retained Mohnsam—an attorney admitted to practice in Kentucky—to pursue claims against Martin & Bayley arising from the trip-and-fall incident. *Id.* at ¶ 20. Allegedly, Perry and Mohnsam entered into a written contract of engagement whereby Mohnsam agreed to represent Perry in exchange for ten percent of the

1

principal amount recovered from Martin & Bayley in any litigation or settlement, or alternatively, a reasonable fee for his legal services. *Id.*

On September 4, 2013, Mohnsam commenced a personal injury action against Martin & Bayley on Perry's behalf in the U.S. District Court for the Eastern District of Kentucky. *Id.* at ¶ 28. Then, on September 6, 2013, Mohnsam filed a personal injury action on Perry's behalf against Martin & Bayley in Shelby Circuit Court. *Id.* at ¶ 26. In both of these cases, Martin & Bayley was represented by Michael O'Reilly of the law firm O'Bryan Brown & Toner, PLLC. *Id.* at ¶ 24.

Mohnsam alleges that he remained Perry's legal counsel throughout the duration of both the federal and state court actions. *Id.* at ¶ 31. Mohnsam was Perry's only counsel of record for the federal court action. *Id.* However, after various attempts to settle the state court action, Perry retained Nemes of the law firm Fultz Maddox to serve as Mohnsam's co-counsel. *Id.* at ¶ 35.

On September 19, 2014, Perry and Martin & Bayley entered into a settlement agreement whereby Martin & Bayley agreed to pay Perry the sum of $1,811,000.00 in exchange for termination of both the federal and state court actions. *Id.* at ¶ 42. Nemes was Perry's sole representative in this settlement. Mohnsam was not present. *Id.* at ¶ 41.

Martin & Bayley's insurance carrier, Acuity, subsequently issued two checks payable to Fultz Maddox—Nemes' law firm—in satisfaction of the settlement with Perry. *Id.* at ¶¶ 43-44. Fultz Maddox then paid a portion of this settlement amount to Nemes for his legal services, and distributed the remainder of the funds to Perry. *Id.* at ¶ 46. Neither Fultz Maddox nor Perry disbursed any portion of this settlement payment to Mohnsam. *Id.*

On July 17, 2017, Mohnsam filed suit against Perry, Martin & Bayley, Acuity, Nemes, and Fultz Maddox in this court. *Id.* Specifically, Mohnsam alleges the following counts against

Perry: breach of contract, quantum meruit, unjust enrichment, money had and received, lien for attorney's fees, negligence per se, civil conspiracy, and punitive damages. *Id.*

III. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," acting either on its own or on the motion of a party before responding to the pleading. An immaterial matter is one that has "no bearing on the subject matter of the litigation." *Bosch v. Bayer Healthcare Pharmaceuticals, Inc.*, 13 F.Supp.3d 730, 752 (W.D. Ky. Apr. 8, 2014) (quoting *New Day Farms LLC v. Bd. of Trustees of York Tp., Ohio*, 2009 WL 1652126, at *3 (S.D. Ohio June 10, 2009)). An impertinent matter is one that does "not pertain or [is] not necessary to the issues in question." *Id.* A scandalous matter is one that "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id.*

Although motions to strike are generally disfavored, the court may grant such a motion to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted); *See Brown & Williamson Tobacco Corp. v. United* States, 201 F.2d 819, 822 (6th Cir. 1953). Granting a motion to strike is appropriate when "the pleading to be stricken has no possible relation to the controversy." *Bosch*, 13 F.Supp.3d at 752. The test for determining this is whether "evidence in support of the allegation would be admissible" at trial. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d. Cir. 1976).

## IV. Discussion

### a. Perry's First Defense

Mohnsam contends that Perry's first defense should be stricken because it is immaterial and impertinent to the complaint. Perry's first defense states that Mohnsam's counsel, Robert A. Winter, Jr., previously represented Perry in *Cars of Shelbyville, Inc. v. First 1 Financial*, Case No. 3:12-CV-54, a case brought in federal court in Lexington, Kentucky. ECF No. 22, ¶ 1. Perry further states that he "does not give permission to Winter to represent any client in an adverse action against [him]." *Id.* at ¶ 2.

The fact that there may be a conflict of interest with Mohnsam's counsel does not constitute a defense to any of the allegations included in the complaint. Moreover, an examination of the docket sheet for *Cars of Shelbyville, Inc. v. First 1 Financial* shows that while Winter was counsel for *Cars of Shelbyville, Inc.* in that case, Perry was not himself a party. Therefore, Perry's first defense is immaterial and impertinent and will be stricken.

### b. Perry's Third Defense

Likewise, Mohnsam contends that Perry's third defense should be stricken because it is immaterial and impertinent to the complaint. Perry's third defense states that "a conspiracy has existed between Mohnsam, Winter and Terry Hensley to swindle Perry out of money." ECF No. 22, ¶ 10. Perry alleges that Mohnsam convinced him to loan Hensley $230,000, which was never repaid, and that Mohnsam and Winter are now "alleg[ing] an Engagement Contract that is totally fictitious in an attempt to cheat Perry out of more money." *Id.* at ¶ 10a.

This defense, unlike the first defense, attacks Mohnsam's breach of contract claim because it alleges that there was never a contract between the two parties. The validity of the

engagement contract between Mohnsam and Perry is a central issue in this case. Therefore, Perry's third defense will not be stricken.

    c. <u>Perry's Crossclaim</u>

Mohnsam also argues that Perry's crossclaim must be stricken. Mohnsam points out that although Perry's answer is entitled "Answer of Defendant Morgan Bryan Perry, and *Cross-Claim Against Defendants Martin & Bayley, Inc., Jason M. Nemes, Fultz Maddox Dickens, PLC, and Acuity*," no such crossclaim is included. ECF No. 22 (emphasis added). Instead, there is only a "crossclaim against Plaintiff Kurt K. Mohnsam" for breach of contract, which actually constitutes a counterclaim. *Id.* at p. 11. Mohnsam contends that he is not obligated to answer this counterclaim because of its improper designation, and that the crossclaim should be stricken because Perry does not assert affirmative relief against any co-defendant.

Mohnsam is correct that Perry's crossclaim against him actually constitutes a counterclaim. Because Perry does not allege a valid crossclaim, the crossclaim will be stricken. The court will give Perry leave to refile a properly designated counterclaim against Mohnsam.

## V.    Conclusion

For the foregoing reasons, Mohnsam's motion to strike will be granted as to Perry's first defense, denied as to Perry's third defense, and granted as to Perry's crossclaim. Perry will be given leave to refile a properly designated counterclaim against Mohnsam. An order will be entered in accordance with this memorandum.

November 29, 2017

                                            **Charles R. Simpson III, Senior Judge**
                                            **United States District Court**