UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


KURT K. MOHNSAM                                             PLAINTIFF


v.                                    CIVIL ACTION NO. 3:17-CV-00427-CRS


JASON M. NEMES, *ET AL.*                                    DEFENDANTS


**<u>MEMORANDUM OPINION</u>**

I.     <u>Introduction</u>

This matter is before the court on defendants Fultz Maddox Dickens and Jason M.

Nemes' (hereinafter "Defendants") motion for judgment on the pleadings. ECF No. 31. Plaintiff

Kurt K. Mohnsam (hereinafter "Mohnsam") responded and requested oral argument on all issues

surrounding this motion. ECF No. 35. Defendants subsequently replied. ECF No. 38. For the

reasons set forth below, the court finds that oral argument on these issues is unnecessary, and the

motion for judgment on the pleadings will be granted in part and denied in part.

II.     <u>Factual Background</u>

Mohnsam, an attorney admitted to practice in Kentucky, was retained by Morgan Bryan

Perry to represent him in a slip-and-fall case against Martin & Bayley's automobile service

station ("Martin & Bayley") in September 2012. Pl. Complaint, ECF No. 1, ¶ 20. Allegedly,

Perry and Mohnsam entered into a written contract of engagement whereby Mohnsam agreed to

represent Perry in exchange for ten percent of the principal amount recovered from Martin &

Bayley in any litigation or settlement, or alternatively, a reasonable fee for his legal services. *Id.*

Mohnsam subsequently commenced personal injury actions against Martin & Bayley on Perry's behalf in state and federal court. *Id.* at ¶ 28.

After this time, Perry separately retained Defendants to serve as Mohnsam's co-counsel. *Id.* at ¶ 35. On September 19, 2014, Perry entered into a settlement agreement with Martin & Bayley whereby Martin & Bayley agreed to pay Perry $1,811,000.00 in exchange for the termination of the state and federal cases. *Id.* at ¶ 42. Perry was solely represented by Defendants in this settlement. *Id.* at ¶ 41. Mohnsam was not present. *Id.*

Martin & Bayley's insurance carrier, Acuity, subsequently issued payment to Defendants in satisfaction of the settlement with Perry. *Id.* at ¶¶ 43-44. Defendants retained a portion of this settlement amount for their legal fees, and then distributed the remainder of the funds to Perry. *Id.* at ¶ 46.

On July 17, 2017, Mohnsam filed suit against Perry, Martin & Bayley, Acuity, and Defendants in this court. *Id.* Mohnsam specifically brings claims against Defendants for breach of fiduciary duty, money had and received, lien for attorney's fees, negligence per se, and civil conspiracy. *Id.* Defendants now move for judgment on the pleadings.

### III.   Legal Analysis

The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009). While "[t]he plausibility standard is not akin to a 'probability requirement,' it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

When considering a motion for judgment on the pleadings, the court may examine the complaint and its exhibits, public records, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the court need not accept as true the nonmoving party's legal conclusions or unwarranted factual allegations. *Id.* The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law. *Id.*

## IV.   Discussion

Defendants assert that they are entitled to judgment on the pleadings for each of Mohnsam's claims against them. Specifically, Defendants argue that although Mohnsam states various causes of action, all of them "center on the allegation that [Defendants] detained Perry's personal property . . . which Mohnsam now seeks to recover." ECF No. 31-1, p. 5. Accordingly, Defendants contend that each of these claims is time-barred under KRS § 413.125.[1]

---

[1] KRS § 413.125 states: "An action for the taking, detaining, or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the time the cause of action accrued." Mohnsam admits that his causes of action accrued on October 5, 2014, but his complaint was not filed until July 2017, nearly three years later.

Alternatively, Defendants argue that Mohnsam has failed to allege facts sufficient to support any of the claims against them. These arguments will be considered in further detail below.

    A. <u>Breach of Fiduciary Duty</u>

First, Defendants argue that they are entitled to judgement on the pleadings for Mohnsam's claim for breach of fiduciary duty. Defendants state that this claim is time-barred and, regardless of the statute of limitations, Mohnsam has failed to demonstrate that any fiduciary relationship existed between the parties. Mohnsam, by contrast, argues that breach of fiduciary duty has a five-year statute of limitations,[2] and that Defendants entered into a fiduciary relationship with him when they received a sum of money to which he was entitled a portion. Taking the facts in the light most favorable to Mohnsam, the court agrees with Defendants.

While Mohnsam is correct that the statute of limitations for breach of fiduciary duty is five years, he has failed to allege facts to support such a claim. To establish a claim for breach of fiduciary duty, a plaintiff must demonstrate: "(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe such duty; and (3) an injury proximately resulting therefrom." *Community Ties of America, Inc. v. NDT Care Services, LLC*, 2015 WL 520960 (W.D. Ky. Feb. 9, 2015) (citing *Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F.Supp.2d 902, 916 (W.D. Ky. 2007)). A 'fiduciary relationship' is defined as "one founded on trust or confidence reposed by one person in the integrity and fidelity of another" that necessarily requires "one person to act primarily for another's benefit in matters connected with such undertaking." *Steelvest, Inc. v. Scansteel Center, Inc.*, 807 S.W.2d 476, 485 (Ky. 1991). A fiduciary must have "expressly undertaken to act for the plaintiff's primary benefit." *Flegles, Inc. v. TruServ Corp.*,

---

[2] "The following actions shall be commenced within five (5) years after the cause of action accrued: An action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange." KRS § 413.120(7).

289 S.W.3d 544, 552 (Ky. 2009). Common examples of fiduciary relationships include "attorney-client . . . partner-partner and . . . employer-employee" relationships. *Id.*

Mohnsam has not demonstrated that a fiduciary relationship existed between Defendants and himself. Mohnsam was Defendants' co-counsel, not Defendants' client. Moreover, Mohnsam acknowledges that no agency relationship or contractual relationship existed between the parties. Although Mohnsam claims that Defendants were in a position of trust regarding the settlement payment, he cites no case law to support his position. Therefore, Mohnsam's claim that Defendants breached their fiduciary duty to him fails as a matter of law.

B. Money Had and Received

Second, Defendants argue that they are entitled to judgment on the pleadings for Mohnsam's claim for money had and received. Defendants again contend that the claim is time-barred, and also state that Mohnsam has failed to allege sufficient facts to support the claim. Mohnsam argues in opposition that the statute of limitations for money had and received is three years,[3] and that he has stated a valid claim. Taking the facts in the light most favorable to Mohnsam, the court agrees with Defendants.

Mohnsam is correct that the statute of limitations for money had and received is three years. However, Mohnsam has failed to state facts sufficient to support such a cause of action. A claim for money had and received "is equitable in its nature and [is] maintainable in all cases where one person has received the money of another entitled to it, either directly or through a third person, under such circumstances that in equity and good conscience he ought not to retain it." *Peoples Nat. Bank v. Guier*, 145 S.W.2d 1042, 1044 (Ky. App. 1940); *See also Tidwell v. O'Bryan's Adm'r*, 181 S.W.2d 260, 261 (Ky. App. 1944). In this case, Mohnsam admits that

---

[3] "Unless governed by other law regarding claims for indemnity or contribution, an action . . . for conversion of an instrument, for money had and received, or like action based on conversion . . . must be commenced within three (3) years after the claim for relief accrues." KRS § 355.3-118(7)(a).

Defendants withheld their respective shares of the settlement payment, and disbursed the remainder to their client, Perry. Pl. Complaint, ECF No. 1, ¶¶ 36, 46. Defendants are not alleged to have retained any money rightfully belonging to Mohnsam. Accordingly, Mohnsam's claim against Defendants for money had and received fails as a matter of law.

C. Lien for Attorney's Fees

Third, Defendants argue that they are entitled to judgment on the pleadings for Mohnsam's claim under the attorney lien statute. Defendants again claim that the cause of action is time-barred. Alternatively, Defendants argue that Mohnsam cannot bring a claim against co-counsel under this statute. Mohnsam, by contrast, argues that a claim under the attorney lien statute has a five-year statute of limitations, and that he has validly asserted this claim against Defendants. Taking the facts in the light most favorable to Mohnsam, the court agrees with Mohnsam.

Under KRS § 413.120(3), "[a]n action for a penalty or forfeiture when no time is fixed by the statute prescribing it . . . shall be commenced within five (5) years after the cause of action accrued . . ." Because this action was filed in July 2017—less than five years after the cause of action accrued—it is not time-barred. Pl. Complaint, ECF No. 1.

Moreover, Mohnsam has stated a plausible claim under the attorney lien statute. KRS § 376.460 states:

> Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee. If the records show the name of the attorney, the defendant shall be deemed to have notice of the lien. If the parties in good faith and before judgment compromise or settle their controversy without the payment of money or other thing of value, the attorney for the plaintiff shall have no claim against the defendant for any part of his fee.

6

Under this statute, Mohnsam has a lien against the settlement payment for the amount he and Perry agreed upon, or alternatively, a reasonable fee.

In *Proctor Coal Co. v. Tye & Denham*, 96 S.W. 512, 514 (Ky. App. Sept. 27, 1906), the Court of Appeals of Kentucky held that when a plaintiff and a defendant settle a case without the plaintiff's attorney's knowledge, the plaintiff's attorney may bring a claim against the defendant under the attorney lien statute. It is not necessary for the plaintiff's attorney to first bring suit against his own client. *Id.*; *See also Stewart v. Stewart*, 2011 WL 5900773 (E.D. Ky. Nov. 23, 2011). As stated in *Jellico Coal Mining Co. v. Pope*, 166 S.W.2d 287, 289 (Ky. 1942), a "defendant who settles with the plaintiff, without his attorney's knowledge, does so at his own risk as to the attorney's lien."

Arguably, there is no distinction between a defendant who disregards an attorney's lien by settling directly with a plaintiff and Defendants' actions in the present case. Here, Defendants were aware that Mohnsam had a lien on the settlement payment. Indeed, they admit that they asked Perry what portion of the settlement payment was due to Mohnsam. ECF No. 29, ¶ 47. However, rather than setting aside a portion of the settlement payment for Mohnsam, or writing a check payable to both Perry and Mohnsam, Defendants disregarded Mohnsam's lien and paid the entire settlement amount—minus their own attorney's fees—to Perry. Pl. Complaint, ECF No. ¶ 46. This analysis raises both legal and factual issues as to whether an attorney who disregards his co-counsel's lien by disbursing the full settlement amount to the client may be held liable under KRS § 376.460. Accordingly, Mohnsam has stated a plausible claim under the attorney lien statute, and Defendants are not entitled to judgment on the pleadings.

D. Negligence Per Se

Fourth, Defendants argue that they are entitled to judgment on the pleadings for Mohnsam's negligence per se claim. Once again, Defendants argue that this claim is time-barred. Additionally, Defendants contend that Mohnsam does not state a valid cause of action. Mohnsam argues in opposition that the statute of limitations for a negligence per se claim is five years,[4] and that he has validly asserted a negligence per se claim for failure to comply with the attorney lien statute. Viewing the facts in the light most favorable to Mohnsam, the court agrees with Defendants.

Even if Mohnsam is correct that the negligence per se claim is not time-barred, he still fails to state a valid cause of action. A claim for negligence per se arises when "the alleged offender violates a statute and the plaintiff comes within the class of persons intended to be protected by the statute." *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011). Such a statute must be "penal in nature . . ." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005). In Kentucky, negligence per se is codified in KRS § 446.070.[5]

Mohnsam does not allege a valid claim for negligence per se because there has been no *violation* the attorney lien statute. KRS § 376.460 is not a penal statute. It merely creates a lien in favor of the attorney on a judgment or settlement amount. Therefore, Mohnsam's negligence per se claim fails as a matter of law.

E. Civil Conspiracy

Fifth, Defendants argue that they are entitled to judgment on the pleadings for Mohnsam's civil conspiracy claim. Defendants assert that this claim is time-barred under KRS §

---

[4] "The following actions shall be commenced within five (5) years after the cause of action accrued: An action for a penalty or forfeiture when no time is fixed by the statute creating the liability." KRS § 413.120(3).
[5] "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." KRS § 446.070.

413.140(1)(c)[6], and alternatively, that Mohnsam has failed to allege facts to support this claim. Mohnsam concedes in his response that this claim should be dismissed. ECF No. 35, p. 31. Therefore, Defendants are entitled to judgment on the pleadings for the civil conspiracy claim.

V.     <u>Conclusion</u>

For the foregoing reasons, Defendants' motion for judgment on the pleadings will be granted as to Mohnsam's claims for breach of fiduciary duty, money had and received, negligence per se, and civil conspiracy, and denied as to Mohnsam's claim under the attorney lien statute. An order will be entered in accordance with this memorandum.

February 22, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[6] "The following actions shall be commenced within one (1) year after the cause of action accrued: An action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage." KRS § 413.140(1)(c).