UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KURT K. MOHNSAM                                                                PLAINTIFF

v.                                               CIVIL ACTION NO. 3:17-CV-00427-CRS

JASON M. NEMES, ET AL.                                          DEFENDANTS

**MEMORANDUM OPINION**

I.     Introduction

This case is before the court on plaintiff Kurt K. Mohnsam's ("Mohnsam") motion to dismiss defendant Morgan Bryan Perry's ("Perry") demand for punitive damages in the counterclaim against Mohnsam under Fed. R. Civ. P. 12(b)(6). ECF No. 40. Perry has not responded. This matter is now ripe for review. Because Mohnsam does not contest the sufficiency of Perry's counterclaim for breach of contract, the court will re-characterize the motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). For the reasons set forth below, Mohnsam's motion for judgment on the pleadings as to the demand for punitive damages will be granted.

II.     Factual Background

On July 17, 2017, Mohnsam filed suit against Perry and others in this court. ECF No. 1. Mohnsam—an attorney licensed to practice in Kentucky—alleges that he was hired to represent Perry in a slip-and-fall lawsuit against Martin & Bayley's automobile service station, but was never paid for his services. *Id.* Perry subsequently filed a counterclaim against Mohnsam alleging breach of contract. ECF No. 39. According to the counterclaim, Perry is entitled to both

1

compensatory and punitive damages. *Id.* at ¶¶ 3-4. Mohnsam now moves for judgment on the pleadings as to Perry's demand for punitive damages in the counterclaim for breach of contract. ECF No. 40.

III.  Legal Standard

The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009). While "[t]he plausibility standard is not akin to a 'probability requirement,' it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

When considering a motion for judgment on the pleadings, the court may examine the complaint and its exhibits, public records, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the court need not accept as true the

nonmoving party's legal conclusions or unwarranted factual allegations. *Id.* The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law. *Id.*

## IV. Discussion

Mohnsam contends that he is entitled to judgment on the pleadings as to Perry's demand for punitive damages. KRS § 411.184(4) explicitly states that "[i]n no case shall punitive damages be awarded for breach of contract." *See also Tractor and Farm Supply, Inc. v. Ford New Holland, Inc.*, 898 F.Supp. 1198, 1208 (W.D. Ky. Mar. 15, 1995). Because Perry's counterclaim against Mohnsam solely alleges that Mohnsam breached a contract between the parties for the purchase of a business, punitive damages are unavailable. ECF No. 39, ¶ 1.

## V. Conclusion

For the reasons stated above, Mohnsam's motion for judgment on the pleadings will be granted. An order will be entered in accordance with this memorandum.

April 10, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**