UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KURT K. MOHNSAM                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:17-CV-00427-CRS

JASON M. NEMES, ET AL.                                                          DEFENDANTS

## **MEMORANDUM OPINION**

I. Introduction

This case is before the court on defendant Acuity, A Mutual Insurance Company's ("Acuity") motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). ECF No. 44. Plaintiff Kurt K. Mohnsam responded. ECF No. 46. Acuity replied. ECF No. 47. This matter is now ripe for review. For the reasons set forth below, Acuity's motion for judgment on the pleadings will be granted in part and denied in part.

II. Factual Background

The facts of this case were presented in the memorandum opinion regarding the motion for judgment on the pleadings filed by Defendants Fultz Maddox Dickens and Jason M. Nemes:

> Mohnsam, an attorney admitted to practice in Kentucky, was retained by Morgan Bryan Perry to represent him in a slip-and-fall case against Martin & Bayley's automobile service station ("Martin & Bayley") in September 2012. Pl. Complaint, ECF No. 1, ¶ 20. Allegedly, Perry and Mohnsam entered into a written contract of engagement whereby Mohnsam agreed to represent Perry in exchange for ten percent of the principal amount recovered from Martin & Bayley in any litigation or settlement, or alternatively, a reasonable fee for his legal services. *Id.* Mohnsam subsequently commenced personal injury actions against Martin & Bayley on Perry's behalf in state and federal court. *Id.* at ¶ 28. ECF No. 42.

1

After the lawsuits were filed, Perry separately retained James M. Nemes of the law firm Fultz Maddox Dickens to serve as Mohnsam's co-counsel. Pl. Complaint, ECF No. 1, ¶ 28. Then, on September 19, 2014, Perry entered into a settlement with Martin & Bayley whereby Martin & Bayley agreed to pay Perry $1,811,000.00 in exchange for termination of the state and federal cases. *Id.* at ¶ 42. Perry was solely represented by Nemes and Fultz Maddox Dickens in this settlement. *Id.* ¶ 41. Mohnsam was not present. *Id.*

Acuity, Martin & Bayley's insurance carrier, issued two payments to Fultz Maddox Dickens in satisfaction of the settlement with Perry. *Id.* at ¶¶ 43-44. Nemes and Fultz Maddox Dickens retained a portion of the payment for their legal fees. *Id.* at ¶ 46. Nemes then asked Perry what percentage of the payment should be disbursed to Mohnsam. *Id.* at ¶ 47. Perry informed Nemes that he would separately issue a payment to Mohnsam. *Id.* The remainder of the funds were then distributed to Perry. *Id.* Mohnsam has never been paid for his legal services. *Id.* at ¶ 48.

On July 17, 2017, Mohnsam filed suit against Perry, Nemes, Fultz Maddox Dickens, Martin & Bayley, and Acuity in this court. *Id.* Mohnsam specifically brings claims against Acuity for lien for attorney's fees, negligence per se, civil conspiracy, and punitive damages. *Id.* Acuity now moves for judgment on the pleadings.

### III. Legal Standard

The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009). While "[t]he plausibility standard is not akin to a 'probability requirement,' it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

When considering a motion for judgment on the pleadings, the court may examine the complaint and its exhibits, public records, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the court need not accept as true the nonmoving party's legal conclusions or unwarranted factual allegations. *Id.* The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law. *Id.*

IV. Discussion

Acuity asserts that it is entitled to judgment on the pleadings for each of Mohnsam's claims against it. Acuity contends that Mohnsam's claims are time-barred, and that notwithstanding this fact, Mohnsam fails to allege sufficient facts to support any of his claims. These arguments will be considered in further detail below.

A. Lien for Attorney's Fees

Acuity argues that it is entitled to judgment on the pleadings for Mohnsam's claim under the attorney fee lien statute. According to Acuity, this claim is properly characterized as one for conversion because it is ultimately based on the "wrongful taking or detaining of personal property, including money." ECF No. 44, p. 4. Therefore, Acuity contends that this claim is time-barred under KRS § 413.125.[1] Alternatively, Acuity argues that the attorney fee lien statute does not provide for recovery against a tortfeasor's insurance company. Mohnsam, by contrast, argues that a claim under the attorney fee lien statute has a five-year statute of limitations, and that the statute is broad enough to provide for recovery against an insurance company in this instance. Taking the facts in the light most favorable to Mohnsam, the court agrees with Mohnsam.

The court declines to re-characterize Mohnsam's claim under the attorney fee lien statute as one for conversion. ECF No. 44, p. 4. Mohnsam's complaint alleges that Acuity is liable under the attorney fee lien statute because it disregarded Mohnsam's lien on Perry's settlement proceeds by issuing the entirety of the payment to Fultz Maddox Dickens. Pl. Complaint, ECF No. 1, ¶¶ 80-84. The court will therefore apply the statute of limitations for the attorney fee lien statute.

The attorney fee lien statute, codified in KRS § 376.460, does not include an express statute of limitations. Thus, the court will apply KRS § 413.120(3), which states: "An action for a penalty or forfeiture when no time is fixed by the statute prescribing it . . . shall be commenced within five (5) years after the cause of action accrued . . ." *See also Vanover v. Cline*, 39 S.W.2d

---

[1] KRS § 413.125 states: "An action for the taking, detaining or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the time the cause of action accrued."

477, 479 (1931). This cause of action accrued in September 2014, and the lawsuit was filed in July 2017. ECF No. 1. Therefore, the claim is not time-barred.

Moreover, the court finds that Mohnsam states a plausible claim against Acuity under the attorney fee lien statute. The Kentucky attorney fee lien statute provides:

> Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee. If the record shows the name of the attorney, the defendant shall be deemed to have notice of the lien. KRS § 376.460.

*Proctor Coal Company v. Tye & Denham*, 96 S.W. 512 (Ky. App. Sept. 27, 1906) is instructive on the application of this statute. In *Proctor Coal Company*, the Court of Appeals of Kentucky held that when a plaintiff and a defendant settle a case without the plaintiff's attorney's knowledge, the plaintiff's attorney may bring a claim against the defendant under the attorney fee lien statute. *Id.* at 514. The plaintiff's attorney need not first bring suit against his or her own client. *Id.* Thus, a "defendant who settles with the plaintiff, without his attorney's knowledge, does so at his own risk as to the attorney's lien." *Jellico Coal Mining Co. v. Pope*, 166 S.W.2d 287, 289 (Ky. 1942).

This court previously relied on the facts of *Proctor Coal Company* in holding that an attorney might be found liable under the attorney fee lien statute for disregarding his co-counsel's lien on a settlement payment. ECF No. 42, p. 7 ("Arguably, there is no distinction between a defendant who disregards an attorney's lien by settling directly with a plaintiff and Defendants' actions in the present case."). In so holding, the court found that the attorney had notice of his co-counsel's lien on the settlement payment, raising legal and factual issues as to the attorney's liability under the attorney fee lien statute.

For the same reasons, the court finds that Acuity could arguably be held liable under the attorney fee lien statute. Mohnsam was counsel-of-record for Perry in the underlying lawsuit against Martin & Bayley. Thus, Acuity—as Martin & Bayley's insurance carrier—had notice of Mohnsam's lien on any payments to Perry. This raises legal and factual issues as to whether Acuity may be held liable under KRS § 376.460. Accordingly, Mohnsam states a plausible claim against Acuity under the attorney fee lien statute, and Acuity is not entitled to judgment on the pleadings.

B. Negligence Per Se, Civil Conspiracy, and Punitive Damages

Additionally, Acuity argues that it is entitled to judgment on the pleadings as to Mohnsam's negligence per se, civil conspiracy, and punitive damages claims. Mohnsam concedes in his response motion that these counts should be dismissed. ECF No. 46, p. 21. Accordingly, Acuity is entitled to judgment on the pleadings for Mohnsam's negligence per se, civil conspiracy, and punitive damages claims.

V. Conclusion

For the foregoing reasons, Acuity's motion for judgment on the pleadings will be granted as to Mohnsam's negligence per se, civil conspiracy, and punitive damages claims, and denied as to Mohnsam's claim for lien for attorney's fees. An order will be entered in accordance with this memorandum.

April 18, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**