UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KURT K. MOHNSAM                                                              PLAINTIFF

vs.                                                  CIVIL ACTION NO. 3:17-CV-427-CRS

JASON M. NEMES, ET AL.                                                      DEFENDANT

**MEMORANDUM OPINION**

**I.   Introduction**

This matter is before the Court on Defendants Fultz Maddox Dickens PLC ("Fultz Maddox Dickens") and Jason Nemes ("Nemes"), Acuity, A Mutual Insurance Company ("Acuity"), and Martin & Bailey, Inc.'s ("Martin & Bayley") motions for summary judgment. DN 90; DN 96-1; DN 101. Plaintiff Kurt K. Mohnsam ("Mohnsam") responded to each motion and requested oral arguments on all issues surrounding the motions. DN 116; DN 117; DN 118. All defendants subsequently replied. DN 119; DN 120; DN 125. For the reasons set forth below, the Court finds that oral argument is unnecessary and the motions for summary judgment will be granted for each defendant.

**II.  Legal Standard**

Summary judgment is appropriate when the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the non-

1

moving party for a jury to return a verdict for that party." *Id*. In undertaking this analysis, the Court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of proof for establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the…presence of a genuine dispute." FED. R. CIV. P. 56(C)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party also "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

### III. Factual Background

Perry retained Mohnsam, an attorney admitted to practice in Kentucky, to represent him in a slip-and-fall case against Martin & Bayley's automobile service station in September of 2012. DN 1 at ¶ 19–20. Mohnsam alleges he and Perry entered into a contingency fee agreement. *Id.* According to Mohnsam, Perry agreed to pay Mohnsam ten percent of the principal amount recovered from Martin & Bayley or, alternatively, a reasonable fee for Mohnsam's services. *Id.* The parties dispute whether this contingency fee agreement exists. DN 1 at ¶ 19–20; DN 96-1 at 33. On September 4, 2013, Mohnsam commenced a personal injury lawsuit on Perry's behalf against Martin & Bayley in the United States District Court for the Eastern District of Kentucky.

DN 1 at ¶ 28. Two days later, on September 6, 2013, Mohnsam commenced a parallel state action in the Circuit Court of Shelby County. *Id.* at ¶ 29.

Martin & Bayley did not file an answer in the Shelby County action. *Id.* at ¶ 32. On November 13, 2013, Perry engaged Fultz Maddox Dickens and Nemes, an attorney at Fultz Maddox Dickens, to pursue a default judgment in the Shelby County action. *Id.* at ¶ 35. Mohnsam continued as co-counsel in the case. *Id.* at ¶ 31. On November 22, 2013, Fultz Maddox Dickens filed a motion for default judgment against Martin & Bayley. *Id.* at ¶ 37. On March 7, 2014, the court entered a default judgment award of $2,654,241.95 against Martin & Bayley DN 1-6.

Martin & Bayley subsequently sought to set aside the default judgment; the parties then engaged in extensive settlement negotiations. DN 90 at 3; DN 96-1 at 7. Fultz Maddox Dickens and Nemes represented Perry throughout the negotiations with Martin & Bayley. DN 96-1 at 8. Perry also separately engaged former Kentucky Chief Justice Joseph E. Lambert ("Lambert") to help with the settlement negotiations. DN 96-1 at 7–8. Perry and Martin & Bayley reached a Settlement and Mutual Release agreement on September 19, 2014 for $1,811,000.00 ("Settlement Amount"). Mohnsam, while still co-counsel in the case, did not participate in any negotiation, execution, or delivery of the Settlement and Mutual Release agreement. DN 1 at ¶ 41. Mohnsam agreed that Nemes and Lambert had "full authority to enter into a settlement agreement without [Mohnsam's] personal involvement." DN 116 at 6.

In accordance with the Settlement and Mutual Release agreement, Martin & Bayley's insurer, Acuity, issued two checks to Fultz Maddox Dickens for the full Settlement Amount. DN 101 at 7. Nemes deposited each check into Fultz Maddox Dickens' IOLTA account. DN 96-1 at 8; DN 101 at 7. Perry then instructed Nemes to send the Settlement Amount, minus Fultz

Maddox Dickens' fee and other remaining expenses, directly to him. DN 96-1 at 8. Nemes claims that Perry said he would pay Mohnsam from the remaining Settlement Amount. *Id.* Nemes remitted the remaining Settlement Amount to Perry on September 19, 2014 in a check for $1,712,515.69. *Id.* On October 10, 2014, Mohnsam filed an order to dismiss the federal action. DN 96-1 at 9.

Mohnsam claims he has never been paid for his legal services. DN 1 at ¶ 48. He has requested payment from all parties named in this suit. *Id.* at ¶ 50. Perry, Fultz Maddox Dickens and Nemes claim that Perry paid Mohnsam $25,000 for his attorney's fee on September 29, 2014 date. DN 96-1 at 8–9.

## IV. Procedural History

Mohnsam filed this action on July 17, 2017 against Perry, Fultz Maddox Dickens, Nemes, Martin & Bayley, and Acuity. DN 1. Mohnsam brought four substantive claims against Fultz Maddox Dickens: Money Had and Received, Lien for Attorney's Fees, Negligence Per Se, and Civil Conspiracy. *Id.* at 14–21. Mohnsam brought four substantive claims against Nemes: Breach of Fiduciary Duty, Money Had and Received, Lien for Attorney's Fees, and Negligence Per Se. *Id.* Mohnsam brought one substantive claim against Martin & Bayley: Lien for Attorney's Fees. *Id*. Mohnsam brought three substantive claims against Acuity: Lien for Attorney's Fees, Negligence Per Se, and Civil Conspiracy. *Id*. Mohnsam brought eight substantive claims against Perry: Breach of Contract, Quantum Meruit, Unjust Enrichment, Breach of Fiduciary Duty, Money Had and Received, Lien for Attorney's Fees, Negligence Per Se, and Civil Conspiracy. *Id.*

Fultz Maddox Dickens and Nemes filed a motion for judgment on the pleadings on October 18, 2017. DN 31. This Court granted Fultz Maddox Dickens and Nemes' motion as to the Breach of Fiduciary Duty, Money Had and Received, Negligence Per Se, and Civil Conspiracy claims. DN 42 at 9. Acuity also filed a motion for judgment on the pleadings on February 26, 2018. DN 44. This Court granted Acuity's motion as to the Negligence Per Se and Civil Conspiracy claims. DN 50 at 6. Mohnsam's only remaining substantive claim against Fultz Maddox Dickens, Nemes, Martin & Bayley, and Acuity is the Lien for Attorney's Fees under Ky. Rev. Ann. § 376.460 ("Attorney's Lien Statute").

**V.     Discussion**

Defendants Fultz Maddox Dickens, Nemes, Acuity, and Martin & Bailey (hereinafter "Defendants") have each filed motions for summary judgment on Mohnsam's only remaining claim under the Attorney's Lien Statute. DN 90; DN 96-1; DN 101. Each argues that Mohnsam cannot enforce his lien against them under the statute. DN 96-1 at 14; DN 101 at 15; DN 119 at 3. For the following reasons, the Court agrees and will grant each Defendant's motion for summary judgment.

Kentucky's Attorney's Lien statute, Ky. Rev. Ann. § 376.460, provides:

> Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee. If the records show the name of the attorney, the defendant shall be deemed to have notice of the lien. If the parties in good faith and before judgment compromise or settle their controversy without the payment of money or other thing of value, the attorney for the plaintiff shall have no claim against the defendant for any part of his fee.

To determine whether Mohnsam's claim under the Attorney's Lien statute can survive the motions for summary judgment, the Court must consider (1) whether Mohnsam has a valid lien (2) whether the Defendants had notice of the lien (3) what Mohnsam's lien attaches to and (4) whether Mohnsam can enforce his lien under the Attorney's Lien Statute against the Defendants. The Court will address each accordingly.

### A. Lien Validity

Mohnsam has a lien under the Attorney's Lien Statute. The Attorney's Lien Statute provides that "Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted for the amount of any fee agreed upon by the parties or, in the absence of such an agreement, a reasonable fee." Ky. Rev. Ann. § 376.460. The statute ensures that "an attorney is entitled to be paid for the work he or she performed in accordance with the agreement of employment entered into with the client." *Stone v. DuBarry*, 513 S.W.3d 325, 329 (Ky. 2016). Therefore, "[A]n attorney's fee lien is not consensual but instead operates as a matter of law." *Id.* It is undisputed that Mohnsam filed both the state and federal court actions on Perry's behalf. By filing the complaints and being one of Perry's attorneys of record, Mohnsam had a lien on any judgment or settlement resulting from either case. Therefore, he has an attorney's lien.

### B. Notice

Each Defendant had notice of Mohnsam's lien. The Attorney's Lien statute provides that "If the records show the name of the attorney, the defendant shall be deemed to have notice of the lien." Ky. Rev. Ann. § 376.460. "No [actual] notice is required because everyone is held to have notice of the enacted statutes." *Stone,* 513 S.W.3d at 329. Mohnsam did not have to provide

6

actual notice of his lien because his lien operated as a matter of law under the Attorney's Lien statute. By filing the state and federal action on Perry's behalf, the Defendants automatically had notice of Mohnsam's lien.

### C.     Attachment

Mohnsam's lien is attached to the Settlement Amount. The Attorney's Lien statute ensures that the attorney's lien attaches to money or property recovered through a judgment or settlement. *Id.* at 330–331. "The lien can only be against a fund of money or property created or obtained by the attorney." *Id*. Here, Perry recovered the Settlement Amount from the Shelby County action Mohnsam filed. Mohnsam's attorney's lien is therefore attached to the Settlement Amount.[1]

### D.     Enforceability

#### i.     Mohnsam's Claim against Martin & Bayley

The Attorney's Lien statute provides a cause of action to enforce an attorney's lien only in limited circumstances. The Court of Appeals of Kentucky in *Proctor Coal Co.* held that the Attorney's Lien statute "was not intended to deny to parties to an action the right to settle their differences independent from their attorneys, and *without notice to them*; but if they [the parties] do settle, and money or other thing of value is paid by the defendant to plaintiff as a consideration for the settlement, the attorney for plaintiff may recover from the defendant a reasonable fee for his services." *Proctor Coal Co. v. Tye & Denham,* 96 S.W. 512, 513 (Ky. 1906)(emphasis added). Further, the court stated the statute's only purpose was "to provide a

---

[1] Mohnsam's complaint concedes that his lien is only against the Settlement Amount. DN 1 at ¶ 80. He claims he is owed "at least $181,100.00" which is 10% of the Settlement Amount. DN 1 at ¶ 84.

means whereby attorneys who have been instrumental in bringing the settlement about, by reason of the claim being placed in their hands for collection, shall receive a reasonable compensation for the services they have rendered." *Proctor Coal Co.,* 96 S.W. at 513. Plaintiff's counsel may sue the defendant in the suit directly to enforce the lien rather than suing his or her client first. *Stewart v. Stewart*, No. 09-389-ART, 2011 WL 5900773, at *4. The Attorney's Lien statute provides a recourse to plaintiff's counsel only when the parties settle without his or her knowledge. It allows plaintiff's counsel to assert his or her right to the portion of the settlement when the "claim [has been] placed in their hands for collection" but the parties have privately negotiated a settlement. *Proctor Coal Co.,* 96 S.W. at 513.

This principle has been applied consistently by the Court of Appeals of Kentucky. In *McCormack*, an attorney instituted a personal injury action on behalf of a plaintiff against a railroad company. The attorney and plaintiff entered an agreement that the attorney would receive one-fourth of any settlement if the case did not go to trial, and one-third of any judgment if the case did go to trial. *McCormack v. Louisville & N.R. Co.*, 161 S.W. 518, 520 (Ky. 1913). The attorney initiated the suit and recovered a judgment for $25,000. *Id.* The judgment was reversed and remanded on appeal. *Id.* Prior to any other proceedings and without the attorney's knowledge, the plaintiff and defendant then agreed to settle the case for $10,000 and the defendant paid the plaintiff in full. *Id.* As part of the settlement, the defendant was to "pay the legally taxable costs of the litigation which it has not heretofore paid." *Id*. The plaintiff's attorney subsequently intervened in the action under the Attorney's Lien statute to have the court determine how much the defendant owed him. *Id.* at 518–519. The court upheld the appellate court's finding that the defendant had to pay the attorney one-third of the settlement amount. *Id.* at 520.

8

In *Arny*, a plaintiff engaged an attorney to collect child-support payments form her ex-husband. *Arny v. Johnson*, 443 S.W.2d 543, 545 (Ky. 1969). The attorney produced two judgments against the ex-husband for $2551.40 and $1050.00 on the plaintiff's behalf. *Id*. The attorney also successfully attached the judgments to the ex-husband's wages, reducing the total amount owed by the ex-husband to $1077.00. *Id.* Without the attorney's knowledge, the plaintiff filed a "release" of the judgments and entered a separate agreement with her ex-husband to surrender the custody of their children. *Id.* The attorney then filed an intervening complaint to enforce his attorney's lien against the ex-husband for the remaining $1077.00. *Id*. The Court of Appeals of Kentucky held that the attorney could enforce his lien under the Attorney's lien statute against the ex-husband because he had "prosecuted to a valid judgment for a recovery of money." *Id.* at 545.

Here, Martin & Bayley and Perry did not negotiate the Settlement and Mutual Release agreement privately without Mohnsam's knowledge. Mohnsam agreed that Nemes and Lambert had "full authority to enter into a settlement agreement without [Mohnsam's] personal involvement." DN 116 at 6. Further, Mohnsam filed an order to dismiss the federal action on Perry's behalf because of the Settlement and Mutual Release agreement. DN 96-1 at 14. The undisputed facts show that Mohnsam knew about the settlement and gave his co-counsel the full authority to enter into the settlement. Kentucky courts have not interpreted the Attorney's Lien statute to allow plaintiff's counsel a cause of action against a defendant when they had knowledge of a settlement between the defendant and his or her client. Therefore, summary judgment is appropriate for Mohnsam's claim against Martin & Bayley.

        **ii.**        **Mohnsam's Claim against Fultz Maddox Dickens, Nemes, and Acuity**

Fultz Maddox Dickens and Nemes argue that Mohnsam cannot bring a claim under the Attorney's Lien statute against his former co-counsel. DN 96-1 at 16. Acuity also argues that Mohnsam cannot bring a claim under the Attorney's Lien statute against a defendant's insurance company. DN 101 at 15–16. In response, Mohnsam cites no authority where Kentucky courts have interpreted the Attorney's Lien statute to allow a cause of action against co-counsel or the defendant's insurer. Instead, Mohnsam argues (1) because he had a lien on the Settlement Amount the Attorney's Lien statute allows him to enforce his rights against every party that possessed the Settlement Amount and (2) the statute does not expressly exempt co-counsel or a defendant's insurer from suit. DN 117 at 15–16; DN 118 at 16.

There is limited Kentucky case law applying the Attorney's Lien statute. The Court of Appeals of Kentucky interpreted the Attorney's Lien statute to allow plaintiff's counsel "to recover a reasonable fee for his services *from the defendant"* when the plaintiff and defendant settle without his or her knowledge. *Proctor Coal Co.,* 96 S.W. at 513 (emphasis added). No Kentucky court has expanded the cause of action to allow a plaintiff's counsel to recover his or her fee from co-counsel or a defendant's insurance company. While this Court has previously stated that there is arguably no distinction between a defendant disregarding an attorney's lien and Fultz Maddox Dickens, Nemes, and Acuity's conduct, Mohnsam has not cited any binding authority that expressly expands the cause of action. The Court declines to create Kentucky law by expanding the reach of the Attorney's Lien statute. Because there is no authority to support Mohnsam's claim against Fultz Maddox Dickens, Nemes, and Acuity, summary judgment is appropriate.

Further, Mohnsam's interpretation of the attorney's lien statute would have this Court read affirmative duties into a statute that has none. Mohnsam argues that "these defendants get to

pay twice for having [paid Perry] and ignoring Mr. Mohnsam's lien rights." DN 117 at 16. As this Court has previously stated, the Attorney's Lien statute "merely creates a lien in favor of the attorney on a judgment or settlement amount." DN 42 at 8. The statute does not create affirmative duties regarding the handling of funds or property from a judgment or settlement. Neither Fultz Maddox Dickens, Nemes, or Acuity had an obligation under the Attorney's Lien statute to delay the disbursement of the settlement funds, or write separate checks, to ensure that Mohnsam would be paid his fees. By allowing Mohnsam to recover his fees from these parties, the Court would inherently prescribe duties to insurers and co-counsel to ensure each attorney's fee is settled and paid separately before any judgment or settlement payment is issued. While arguably prudent, there is no language in the Attorney's Lien statute or Kentucky case law to support this type of mandate.

**VI. Conclusion**

For the reasons stated herein, a separate order will be entered this date granting summary judgment in favor of Defendants Fultz Maddox Dickens, Jason Nemes, Acuity, and Martin & Bailey.

November 13, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**